UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WILLIAM L. HOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-952 |
| ) | |
| COMMISSIONER OF ) | Honorable Robert J. Jonker |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On March 26, 2014, plaintiff filed his application. He alleged an April 4, 2014, onset of disability. (ECF No. 9-5, PageID.188). His claim was denied on initial review. (ECF No. 9-4, PageID.120-23). On July 19, 2016, plaintiff received a hearing before an ALJ. (ECF No. 9-2, PageID.63-104). On September 2, 2016, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 9-2, PageID.42-52). On October 6, 2017, the Appeals Council denied review (ECF No. 9-2, PageID.33-35), rendering the ALJs decision the Commissioner's final decision.

Plaintiff timely filed his complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

> I. The ALJ's RFC finding omitted unrebutted limitations.
>
> II. The ALJ violated the treating physician rule.
>
> III. The ALJ gave insufficient reasons to reject plaintiff's complaints.

(Plf. Brief, 1-2, ECF No. 15, PageID.712-13). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence,

even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through September 30, 2017. (Op., 3, ECF No. 9-2, PageID.44). Plaintiff had not engaged in substantial gainful activity on or after April 4, 2014, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "degenerative disc disease, degenerative joint disease of the hip and knee, chronic obstructive pulmonary disease (COPD), cardiovascular disease of the heart, obesity, and (beginning in January 2016) left rotator cuff tendinitis." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.45). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> He is able to sit for six hours and stand/walk for six hours in an eight-hour workday. He can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. There can be frequent exposure to unprotected heights, moving mechanical parts, humidity, and wetness as well as to dust, odors, fumes and pulmonary irritants, extreme cold and extreme heat.

(Op., 5, PageID.46). The ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.* at 6, PageID.47). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because he was "capable of performing his past relevant work as a business manager as normally performed in the national economy." (*Id.* at 10,

PageID.51).

## Discussion

### 1.

Plaintiff's first claim of error is that the ALJ's RFC finding omitted unrebutted limitations. He argues that the ALJ's RFC finding should have included additional limitations stemming from the side effects of medication, hearing loss, and a left shoulder problem. (Plf. Brief, 6-8, ECF No. 15, PageID.717-19; Reply Brief, 2-4, ECF No. 17, PageID.751-53).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). Plaintiff's burden on appeal is much higher than pointing to evidence on which the ALJ could have made contrary findings. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

The ALJ considered plaintiff's testimony regarding side effects from his medication. (Op., 6, ECF No. 9-2, PageID.47). He found that the level of restriction that plaintiff claimed was not supported by the record. Plaintiff remained active and functional. Plaintiff continued to perform activities that require attention and concentration, such as playing chess and reading novels. (*Id.*).

Although plaintiff argues that the ALJ should have included RFC limitations regarding hearing loss, he fails to specify what limitations the ALJ should have imposed. He argues that the ALJ committed reversible error because he did not discuss an interviewer's note indicating that plaintiff showed signs of hearing loss.

(Plf. Brief, 7, ECF No. 15, PageID.718) (citing ECF No. 9-6, PageID.245). "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005) (citation and quotation omitted).

The ALJ discussed the medical evidence regarding plaintiff's auditory functioning. He noted that plaintiff's September 2013 audiogram with tympanometry showed "normal middle ear function. There was a bilateral high frequency moderate sensorineural hearing loss with good to excellent speech discrimination. There was a slight asymmetry of hearing in the middle frequencies of the left ear." (Op., 3, ECF No. 9-2, PageID.44). In addition, the administrative hearing transcript indicates that plaintiff was able to hear, understand, and answer the ALJ's questions. (ECF No. 9-2, PageID.65-92). I find no error.

Plaintiff refers to a physical therapist's progress note recording his complaint that he was experiencing left shoulder pain reaching overhead and to the side. (Plf. Brief, 7, ECF No. 15, PageID.718) (citing ECF No. 9-8, Page.ID.640). Plaintiff argues that "the ALJ's only nod to upper extremity problems was limiting lifting to 20 pounds. We would like to see the doctor who would advise a patient with a torn rotator cuff[1] to lift twenty pounds, as such a doctor would be an easy mark for a malpractice suit." (*Id.* at 8, PageID.719). Plaintiff's argument is perfunctory and he cites no supporting legal authority. Accordingly, I find that plaintiff has waved this

---

[1] A February 16, 2016, MRI of plaintiff's left shoulder showed "some minimal, low-grade interstitial tearing at the musculotendinous junction of the supraspinatus" and "[t]here [was] otherwise no discrete rotator cuff tear." (ECF No. 9-8, PageID.621).

issue. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

Even assuming that the argument had not been waived, it is meritless. The ALJ considered the evidence regarding plaintiff's left shoulder. "In January 2016, x-rays revealed a normal left shoulder. Physical exam findings of the upper arm showed no tenderness, no swelling, no masses, and no deformities. There was normal muscle tone and bulk." (Op., 8, ECF No. 9-2, PageID.49). Plaintiff was diagnosed with tendinitis. (*Id.*). Plaintiff testified that he golfed 18-hole rounds once or twice a month (ECF No. 9-2, PageID.85-86), and the ALJ cited this activity as part of the evidence that plaintiff "continue[d] to be a rather active and functional individual." (Op., 6, PageID.47).

The ALJ's RFC finding is supported by substantial evidence.

## 2.

Plaintiff argues that the ALJ violated the treating physician rule by not giving the appropriate weight to the opinions of treating physicians Christopher Russo, M.D., and David Crittenden, M.D. (Plf. Brief, 8-16, ECF No. 15, PageID.719-727; Reply Brief, 4, ECF No. 17, PageID.753).

Generally, the medical opinions of treating physicians are given substantial, if

not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p[2] (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *see also Perry v. Commissioner*, 734 F. App'x 335, 339 (6th Cir. 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart*, 710 F.3d at 376. The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart*, 710 F.3d at 376. This procedural requirement exists,

---

[2] On March 27, 2017, the Administration rescinded SSR 96-2p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed Reg.15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The Administration noted the ruling was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." *Id.*; *see Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017) ("Those new rules, however, apply only to claims filed on or after March 27, 2017.").

in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are."  *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.") (citation and quotation omitted).

### A.   Dr. Russo and Ms. Rounds

On January 17, 2015, Ms. Barbara Rounds, an occupational therapist, completed a "Residual Functional Capacity Report" offering her opinions regarding plaintiff's RFC.  (ECF No. 9-8, PageID.574-77).  On March 10, 2015, Dr. Russo completed a one-page "Physician Review" form indicating that he agreed with Ms. Rounds's opinions.  (*Id.* at PageID.578).

The ALJ did not commit error when he found that the opinions offered by Ms. Rounds were only entitled to "partial weight."  (Op., 9, ECF No.9-2, PageID.50).  The ALJ observed that as an occupational therapist, the opinions supplied by Ms. Rounds were those of an "other" source.  (*Id.*).  The opinions of therapists are not entitled to any particular weight.  Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule.  *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other*

*Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at *2 (SSA Aug. 9, 2006)). The treating physician rule did not apply to opinions offered by Ms. Rounds. The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at *3 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). This is not a demanding standard. It was easily met here.

The ALJ noted that the forms completed by Ms. Rounds and Dr. Russo "lack[ed] a rationale or reasons to support the proposed limitations." (Op. 9, PageID.50). Further, the issue of disability is reserved to the Commissioner. (*Id.*). The ALJ found that the proffered restrictions regarding plaintiff's ability to sustain attention and concentration were outside of Ms. Rounds's specific area of expertise." (*Id.*). Her opinion was speculative, at best, because there was no evidence regarding how she tested plaintiff's attention and concentration. (*Id.*). "Similarly, there [was] no explanation of the proposed incidence or tardiness." (*Id.*). The record did not support the proposed limitation on fine manipulation tasks. The maximum lifting and carrying abilities were consistent with the ALJ's finding that plaintiff was capable of performing light work. The ALJ rejected suggested restrictions for reduced lifting capability "between floor to waist and waist to overhead" because the medical evidence showed full to good muscle strength and a good range of motion of the upper extremities. (*Id.*).

Although Dr. Russo, a treating physician, completed a one-page "Physician Review" form expressing agreement with Ms. Rounds's opinions, his conclusory

statement was not entitled to deference. This Court has previously held that such statements are not opinions subject to the treating physician rule. *See Pelak v. Commissioner*, No. 1:16-cv-198, 2016 WL 6694477, at *7-8 (W.D. Mich. Nov. 15, 2016); *Laporte v. Commissioner*, No. 1:15-cv-456, 2016 WL 5349072, at *5-7 (W.D. Mich. Sept. 26, 2016).

ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016). " ' Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.' " *Bayes v. Berryhill*, No. 3:16-cv-2822, 2018 WL 791323, at *2 (N.D. Ohio Feb. 8, 2018) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)); *see Ashley v. Commissioner*, No. 1:12-cv-1287, 2014 WL 1052357, at *8 n.6 (W.D. Mich. Mar. 19, 2014) ("Courts have increasingly questioned the evidentiary value of 'multiple choice' or 'check-off' opinion forms[.]"); *see also Nichols v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted).

The circumstances in this case are indistinguishable from *Pelak* and *Laporte*: the treating physician checked a box indicating that he agreed with an occupational therapist's opinions. *See Pelak*, 2016 WL 6694477, at *7-8; *Laporte*, 2016 WL 5349072, at *5-7. "Physician Reviews" are conclusory and they fail to provide a foundation for suggested restrictions. I find no error.

B.   Dr. Crittenden

On February 20, 2015, Dr. Crittenden completed a one-page "Attending Physician's Statement" form for plaintiff's insurance provider. (ECF No. 9-9, PageID.662). The ALJ considered the opinions that Dr. Crittenden suggested:

> The functional capacity (according to the American Heart Association) was Class I (no limitation). The physical limitations were rated at class 5-severe limitation of functional capacity; incapable of minimum (sedentary) activity (75-100%). In terms of mental limitations, the claimant was class I - able to function under stress and engage and engage in interpersonal relations (no limitations).

(Op., ECF No. 9-2, PageID.50).

Plaintiff argues that the ALJ committed error in rejecting Dr. Crittenden's opinion that plaintiff was "unable to handle even sedentary work." (Plf. Brief, 15, ECF No. 15, PageID.726). RFC and disability are issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1), (2). Dr. Crittenden's opinions on issues reserved to the Commissioner were not entitled to any particular weight. 20 C.F.R. § 404.1527(d)(3); *see Shepard v. Commissioner*, 705 F. App'x 435, 442 (6th Cir. 2017); *Cosma v, Commissioner*, 652 F. App'x 310, 311 (6th Cir. 2016). The ALJ determined that Dr. Critten's opinions were entitled to "reduced weight." (Op., 9, PageID.50). The ALJ noted that Dr. Crittenden's statement "d[id] not provide a great deal of

information about [plaintiff's] actual functional restrictions." (*Id.*). Dr. Crittenden wrote "as tolerated by patient" in the space provided for him to describe plaintiff's specific restrictions and limitations. (*Id.*). In addition, the ALJ observed that rating plaintiff "as class I under the American Heart Association guidelines" and rating plaintiff as "class five for his physical impairments seem[ed] contradictory." (*Id.*). I find no violation of the treating physician rule.

### 3.

Plaintiff's third claim of error is that the ALJ gave insufficient reasons to reject the plaintiff's subjective complaints. He argues that the ALJ used "boilerplate" language and failed to provide adequate specificity. (Plf. Brief, 16-19, ECF No. 15, PageID.727-730; Reply Brief, 4-5, ECF No. 17, PageID.753-54).

An ALJ's factual findings concerning a claimant's subjective symptoms are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's findings are reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. Claimants challenging the ALJ's findings "face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). The Court must accord the ALJ's findings "great weight and deference particularly since

the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see Buxton v. Halter*, 246 F.3d at 773.

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that the ALJ must explain his credibility determination and that the explanation " 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' "[3] *Id.* (quoting *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Assessing Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p* (reprinted at 1996 WL 374186, at *4 (SSA July 2, 1996)).

Plaintiff's characterization of the ALJ's factual findings regarding his subjective symptoms as "boilerplate" is not a basis for disturbing the Commissioner's

---

[3] SSR 16-3p applies to administrative decisions made on or after March 28, 2016. *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at 2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017)). It applies here because the ALJ entered his decision after March 28, 2016. In SSR 16-3p, the Administration "eliminate[ed] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term. In so doing, [the Administration] clarify[ied] that subjective symptom evaluation is not an examination of the individual's character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). Although SSR 16-3p superseded SSR 96-7p, little has changed. The ALJ's findings regarding the plaintiff's symptoms must be "clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10.

decision. *See Sorrell v. Commissioner*, 656 F. App'x 162, 174 (6th Cir. 2016); *see also Thompson v. Commissioner*, No. 1:16-cv-988, 2017 WL 3484224, at *10 (W.D. Mich. Aug. 15, 2017). The ALJ gave a lengthy and detailed explanation of his factual findings regarding plaintiff's symptoms. (Op., 6-8, PageID.47-49). Among other things, the ALJ found that plaintiff's daily activity level was inconsistent with the level of mental and physical restriction that plaintiff claimed, that plaintiff stopped working as a business manager because he lost a union election, and that the medical evidence supported a finding that plaintiff retained the RFC for a limited range of light work. (*Id.*). The ALJ's findings regarding plaintiff's subjective symptoms are supported by substantial evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: January 24, 2019         /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).